## Case No. 1,959.

### BROOKS et al. v. The PEYTONA.

[2 West. Law Month. 518.]

District Court, D. Wisconsin. June Term, 1858.

SEAMEN—WAGES—RIGHT TO—SERVICES EXCLUSIVELY WITHIN THE STATE.

The district court of the United States has not jurisdiction of a libel for seaman's wages against a steamboat, when the employment and services on board were exclusively within the state. To entitle a seaman to the jurisdiction of the court in admiralty in rem, he must do service in a vessel employed in business of commerce and navigation between ports and places in different states and territories upon the Lakes, and navigable waters connecting said Lakes, as provided in the act of congress entitled "An act extending the jurisdiction of the district courts to certain cases upon the Lakes, and navigable waters connecting the same." Approved February 26, 1845 (5 Stat. 726).

[Cited in Whitaker v. The Fred Lorents. Case No. 17,527. Cited, but not followed, in U. S. v. The Seneca, Id. 16,251; The Daniel Ball, Id. 3,564.]

[In admiralty. Libel by Enoch Brooks and others against the steamboat Peytona for mariners' wages. Dismissed.]

MILLER, District Judge. This is a libel for mariners' wages. It is alleged this steamboat is lying in the port of Berlin, and is of the burden of twenty tons and upwards, is enrolled and licensed for the coasting trade, and employed in the business of commerce and navigation between ports and places, in different states and territories, upon the Lakes, and navigable waters connecting the same. And, said steamboat being so employed, these libellants were shipped as mariners. It appears in proof that, during the time these libellants were on board, this steamboat was in the service of the Milwaukee & Horicon Railroad Company, for the transportation of passengers and freight from Berlin, the terminus of said road, to places on Fox and Wolf rivers, and on Lake Winnebago, in this state. In the case of Jackson v. The Magnolia, 20 How. [61 U. S.] 300. in the opinion, the court remark: "The constitution, in defining the power of the courts of the United States, extends them to 'all cases of admiralty and maritime jurisdiction.' It defines how much of the judicial power shall be exercised by the supreme court only; and it was left to congress to ordain and establish other courts, and to fix the boundary and extent of their jurisdiction; congress might give any of these courts the whole, or so much of the admiralty jurisdiction as it saw fit. It might extend their jurisdiction over all the navigable waters, and all ships and vessels thereon; or over some navigable waters and vessels of a certain description only. Consequently, as congress had never, before 1845, conferred admiralty jurisdiction over the northern fresh-water lakes not navigable from the sea, the district courts could not

assume it by virtue of this clause in the constitution. An act of congress was therefore necessary to confer this jurisdiction on those waters, and was completely within the constitutional power of congress." See, also, the case of The Genesee Chief v. Fitzhugh, 12 How. [53 U. S.] 443. That act of congress is entitled "An act extending the jurisdiction of the district courts to certain cases upon the Lakes, and navigable waters connecting the same." It provides "that the district courts of the United States shall have, possess and exercise the same jurisdiction in matters of contract and tort arising in, upon, or concerning steamboats and other vessels of twenty tons burden and upwards, enrolled and licensed for the coasting trade, and, at the time, employed in business of commerce and navigation between ports and places in different states and territories, upon the Lakes and navigable waters connecting said Lakes, as is now possessed and exercised by the said courts in cases of steamboats and other vessels employed in navigation and commerce upon the high seas, or tide waters within the admiralty and maritime jurisdiction of the United States." 5 Stat. 726. This steamboat is, no doubt, of more than twenty tons' burden, and is enrolled and licensed for the coasting trade; but, at the time the services propounded for in this libel were performed by the libellants, she was not employed in business of commerce and navigation between ports and places in different states and territories upon the Lakes and navigable waters connecting said Lakes, but, exclusively, within this state, on the Fox and Wolf rivers and Lake Winnebago. And also, at the time of filing this libel, this steamboat was employed in the same service, and within this state exclusively. This libel cannot be sustained; but it must be dismissed for want of jurisdiction.

I do not intend to decide that this steamboat, while employed exclusively on waters within this state, is not subject to and within the provisions of the several acts of congress, imposing duties on steamboats enrolled and licensed for the coasting trade; but I merely, at this time, decide that these libellants have not brought their case within the act of congress, conferring jurisdiction on this court in a matter of contract.

[NOTE. The act of 1845 (5 Stat. 726) is confined to vessels navigating or employed in commerce between different states. Allen v. Newberry, 21 How. (62 U. S.) 244; The Troy, Case No. 14,192: Maguire v. Card, 21 How. (62 U. S.) 248; Whitaker v. The Fred Lorents, Case No. 17,527; Merritt v. Sackett, Id. 9,484; Luddington v. The Nucleus, Id. 8,598; Poag v. The McDonald, Id. 11,239; New Jersey Steam Nav. Co. v. Merchants' Bank, 6 How. (47 U. S.) 344; Nelson v. Leland, 22 How. (63 U. S.) 48; Moore v. American Transp. Co., 24 How. (65 U. S.) 1. But see The Mary Washington, Case No. 9,229; The Sarah Jane, Id. 12,349; The Canton, Id. 2,388; The May Queen, Id. 9,360; The Belfast, 7 Wall. (74 U. S.) 624, 635; Western Transp. Co. v. The Great West-

ern, Case No. 17,443; The Elmira Shepherd, Id. 4,418; Carpenter v. The Emma Johnson, Id. 2,430.

[The jurisdiction extends to contracts of affreightment between ports of the same state where, in pursuing the voyage, the vessel passes beyond the jurisdiction of any state. Carpenter v. The Emma Johnson, supra. Vessels navigating the Erie canal, in the state of New York, are within the jurisdiction. Malony v. City of Milwaukee, 1 Fed. 611. Compare Poag v. The McDonald, Case No. 11,239. The admiralty jurisdiction does not depend on the power of congress to regulate commerce. The Commerce, 1 Black (66 U. S.) 574; Langley v. The Syracuse, Case No. 8,068; The Brooklyn, Id. 1,938: The Leonard, Id. 8,256; The Belfast, 7 Wall. (74 U. S.) 624, 635; Western Transp. Co. v. The Great Western, Case No. 17,443.]